■ In the Matter of ERIC SCHNEIDER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [20 NYS3d 706]—

Per Curiam. Respondent was admitted to practice by the

First Department in 1991. He currently maintains an office for the practice of law in the City of Kingston, Ulster County.

By petition containing four charges of professional misconduct with specifications, petitioner commenced this disciplinary proceeding against respondent charging him with neglecting the legal matters of two clients in certain civil and criminal proceedings (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), failing to properly communicate with these clients (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a]), failing to promptly remit funds to these clients after the attorney/client relationship had ended (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.15 [c] [4]; 1.16 [e]), and engaging in conduct prejudicial to the administration of justice by failing to cooperate with petitioner (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent admitted the allegations via a stipulation of facts with petitioner and, by subsequent confidential decision, this Court granted petitioner's unopposed motion for an order declaring that no factual issues were raised (*see* Rules of App Div, 3d Dept [22 NYCRR] § 806.5).

Now, having considered respondent's arguments in mitigation, we find him guilty of professional misconduct as charged in the petition and as admitted by respondent. We further conclude that respondent should be suspended from the practice of law for a period of two years. However, we stay said suspension upon the following conditions: (1) respondent shall, within 30 days of this order, contact and be evaluated by the New York State Bar Association Lawyers Assistance Program and successfully follow its recommendations, and documentation establishing respondent's compliance with this condition shall be provided to petitioner within 90 days of this order; (2) during the two-year suspension, respondent shall complete four credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and six credit hours of CLE in law practice management, in addition to the CLE requirements of all attorneys (*see* Rules of App Divs [22 NYCRR] part 1500), and documentation establishing respondent's satisfaction of this condition shall be provided to petitioner upon completion of the CLE; (3) respondent shall file with petitioner monthly reports from a mental health provider confirming that he is participating in a mental health program; and (4) respondent shall file with petitioner bimonthly reports from attorney mentors Lawrence A. Zimmerman and Russell A. Schindler ensuring his continuing compliance with the statutes and rules regulating attorney conduct. Should respon-

dent need to substitute an attorney as his attorney mentor, such substitution may only be had upon petitioner's consent or upon order of this Court. Should respondent be the subject of any further disciplinary action during the period of his stayed suspension or otherwise be found to be in violation of any of the conditions imposed herein, petitioner shall be entitled to move for an order setting aside the stay. If, upon expiration of the two-year suspension, the stay issued herein remains in effect, respondent shall apply to this Court for termination of the stayed suspension. Any such application must include proof of respondent's completion of the conditions imposed herein and must be served upon petitioner, which may be heard thereon. Failure to timely move for termination of the stayed suspension upon expiration thereof may constitute a violation of the conditions imposed herein.

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.